# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TESSERON, LTD.,**

      **Plaintiff,**

**v.**                                                           **Case No: 6:10-cv-909-Orl-31GJK**

**OCE N.V. and OCE NORTH AMERICA, INC.,**

      **Defendants.**

## FINAL ORDER OF CLAIM CONSTRUCTION

This cause comes before the Court on separate motions to construe terms in two patents, U.S. Patent Nos. 6,381,028 B1 and 6,771,387 B2. After an exchange of briefs and the claim construction hearing, the Court issued a Preliminary Order of Claim Construction (Doc. 90) and allowed the parties two weeks to file any objections to the Court's preliminary construction. Only Océ responded (Doc. 91).

Océ limited its objections to two issues: (1) the construction of the term "template bitmap," and (2) to what extent the patented process must occur "in the printer." Since Tesseron has not filed an objection, the Court will only address these two issues. On October 5, 2012, Tesseron filed a limited response directed only to Océ's objections. (Doc. 93).

**I. Template Bitmap**

The definition of "template bitmap" proposed by the Court was "a bitmap of the non-variable background graphics and text that is to appear on the printed document." (Doc. 90 at 11). In its discussion of the term, however, the Court noted the language in the specification which

says, "[a]t the final line of code, the template is complete, and incorporates all of the static text and graphic data that is to appear on the printed document." '387 Patent, col. 7, lns. 30-32. Océ argues that this language should be included in the final construction.

In its original brief, Océ's proposed construction of this term was "a bitmap of all the nonvariable background graphics and text that is to appear on the printed document" (Doc 65 at 9). This definition is virtually the same as the Court's proposed construction, except that Océ uses the word "all." Océ now apparently abandons that construction in favor of the language used in the specification. Assuming that this argument is properly raised, the additional language is unnecessary as it merely attempts to describe "some final output that the claims may or may not require." (Doc. 93). Throughout the process described in the disputed claims the template bitmap is incomplete. That it will eventually incorporate all the static data is not inconsistent with the proposed construction.

## II. "In the Printer"

In its Preliminary Order of Claim Construction, the Court noted that "Océ argues that the claimed process must occur 'in a printer.' " (Doc. 90 at 11). Océ objects to this characterization, claiming that only the steps of "identifying, producing, merging, printing, processing, identifying, applying, and saving" must occur in the printer. (Doc. 91 at 3). Océ's argument is premised largely on Figure 1 and the language in the specification of both patents which states "the present invention assumes the generation of the page specification . . . and the transfer of this specification to a printer." '028 Patent, col. 2, lns. 54-57; '387 Patent, col. 2, lns. 55-58. While Océ claims that only certain steps must occur in the printer, it lists every step but three: "generating," "adding," and "providing." Further, according to Océ, the Court's proposed construction would "read the printer out of the claim language." (Doc. 91).

This argument is unavailing. The claims themselves do not mention a printer. Instead, the claims refer only to a "computer implemented method." Océ is correct that the specification clearly assumes that the process occurs largely in a "printer," and that the specification is usually the "single best guide to the meaning of a disputed term," *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005). In this case, however, "in the printer" is not a disputed term, and it does not appear in the claims. Rather, it reflects a generalized dispute about the nature of the invention. When the Patents are read in their entirety, it is clear that the process described in the disputed claims must occur largely in a computer of some kind. To what extent this computer is integrated with a printer is irrelevant. A person skilled in the art would understand that the preferred method described in the specification is not intended to limit the claims—which clearly state that the invention is a "computer implemented method."

It is therefore,

**ORDERED** that Océ's objections are **OVERRULED**. Neither Party has objected to the Court's proposed construction of the remaining terms. Thus, the Preliminary Order of Claim Construction (Doc. 90), is hereby adopted as the Final Claim Construction Order.

**DONE** and **ORDERED** in Orlando, Florida on October 12, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties