**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TESSERON, LTD.,**

      **Plaintiff,**

**v.**                                                **Case No:   6:10-cv-909-Orl-31GJK**

**OCE N.V. and OCE NORTH AMERICA,**
**INC.,**

      **Defendants.**

## ORDER

This matter[1] is before the Court on Plaintiff Tesseron, LTD's ("Tesseron") Motion to Join Real Parties in Interest (Doc. 127) and Defendants Océ North America, Inc. and Océ N.V.'s (collectively "Océ") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 132), as well as the numerous responses, replies, and sur-replies to the motions.[2] While this action is currently

---

[1] This case is related to eight other cases involving litigation over printing patents. Seven of those cases were transferred to the Northern District of Texas in a multidistrict litigation proceeding principally involving the Hewlett Packard Company and O'Neil Data Systems Inc. as defendants. *See In re: Industrial Print Technologies, LLC*, MDL No. 2614, Doc. 62, (April 7, 2015). This case involving Oce N.V. and various Canon entities was one of two cases that was not consolidated in the MDL.

[2] Defendants' Opposition to the Motion to Join (Doc. 129).
Plaintiff's Reply in Support of the Motion to Join (Doc. 133).
Defendant's Sur-Reply to the Motion to Join (Doc. 136).
Plaintiff's Response to the Motion to Dismiss (Doc. 138, sealed version filed at Doc. S-143).
Defendant's Reply in Support of the Motion to Dismiss (Doc. 145, sealed version filed at Doc. S-149).
Plaintiff's Sur-Reply in Opposition to the Motion to Dismiss (Doc. 151, sealed version filed at Doc. S-154).

stayed, business transactions on the part of the parties have raised issues that are appropriately addressed during the pendency of the stay.

## I.    Background

In this case, Plaintiff alleges the Defendants infringed patents relating to variable data printing—essentially a print protocol used on large scale print jobs wherein much of the data remains static and only small segments of data change from print to print. The Defendants have counterclaimed asserting patent invalidity and sought reexamination of the patents by the United States Patent and Trademark Office ("USPTO"). The two underlying patents are U.S. Patent Nos. 6,771,387 ("the '387 Patent") and 6,381,028 ("the '028 Patent") (collectively "the Patents-In-Suit"). The USPTO has issued a re-examination certificate as to the '028 patent and certified the patentability of claim 4 in that patent, without amendment—that was the only claim at issue for the '028 patent. However, the re-examination of the '387 patent remains pending.

During the pendency of the re-examination, this case was stayed. (*See* Doc. 105). However, the Plaintiff and Defendants have continued with their businesses, which resulted in the sale of the relevant intellectual property ("IP") rights on the part of the Plaintiff, and a merger of the Océ Defendants with Canon Business Solutions. Now, the Plaintiff seeks to join the entity holding the interest in the patents and to join various Canon entities that Plaintiff asserts are now engaged in the sale of the infringing systems.

The Defendants, on the other hand, assert that the case should be dismissed for lack of subject matter jurisdiction—as the currently named Plaintiff does not hold the patents at issue—and that if the case persists, the various Canon entities should not be joined as defendants. While the Defendants' subject matter jurisdiction argument focuses principally on standing they also refer to mootness, seemingly conflating the two closely related, but separate, doctrines. Under the circumstances, the appropriate analysis is mootness, not standing.

**II.     Standards**

    **a.  Motion to Join Real Parties in Interest**

Federal Rule of Civil Procedure 25(c) states in pertinent part:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the Court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

The purpose of Rule 25(c) is to ensure that after litigation commences, the Court, at its discretion, can proceed in an efficient manner with the real parties in interest. "An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation." § 1958 Transfer of Interest in Action, 7C Fed. Prac. & Proc. Civ. § 1958 (3d ed.). *See also Accu-Temps Solutions, Inc. v. Accustaff, Inc.*, No. 98-364-CIV-FTM-24 D, 1999 WL 1078712, at *1 (M.D. Fla. Aug. 25, 1999) ("The purpose of Rule 25(c) is to ensure that the conduct of litigation, or a judgment in favor of a plaintiff, are not defeated by a transfer of interest . . . .").

    **b.  Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Jurisdictional motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) come in two forms. First, there are "facial attacks," which "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990) (*quoting Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980)). A court assessing a "facial attack" on jurisdiction is to assume the allegations in the complaint are true and not to look outside the pleadings and attached exhibits. *See id.* Second, there are factual attacks, which challenge the factual basis asserted for jurisdiction. *Id.* If a factual attack on jurisdiction regards an issue reasonably distinct from the merits, the court may weigh conflicting written and oral evidence and decide for itself whether jurisdiction exists. *See, e.g. Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512-13 (5th Cir.1980).

### III. Analysis

In this case, nothing has changed except the parties who are now principally interested in the outcome of the litigation. That is to say, there are still two patents that have allegedly been infringed, the UDPTO has certified the patentability of one of the claims at issue, and is still reviewing the other. There is still a case or controversy, the issue is which parties have the principle interest in the outcome of this case.

Tesseron's argument in favor of joinder of parties under Rule 25(c) is compelling in most respects. Joinder under Rule 25 is discretionary and should accommodate efficiency and economy in case management. In this circumstance, IP interests have transferred from Tesseron to Industrial Print Technologies, LLC ("IPT") through several transactions. Accordingly, IPT is now the principle plaintiff with an interest in the case.[3] Further, as Defendants admit, the Océ Defendants have merged with Canon Solutions America, Inc. ("CSA"). (*See* Doc. 129 at 2, 4). In addition to CSA, Plaintiff seeks to add three other Canon entities: Canon U.S.A., Inc., Canon Inc., and Canon Finance Netherlands, B.V. Plainly, a successor in interest in a patent case that alleges the infringement is ongoing should be joined. (*See* Doc. 7 ¶ 18 ("Océ and Océ North America (the 'Océ Defendants') have infringed and continue to infringe, have actively induced and currently are actively inducing others to infringe, and/or have contributorily infringed and currently are contributorily infringing at least one claim of the '028 patent . . . ."). As to the separate Canon entities, joining them would not be appropriate because there is nothing in the Amended Complaint that would put them on notice of their alleged wrongful behavior and no allegations that support piercing the corporate veil. As such, without a further amendment to the complaint, adding Canon

---

[3] Tesseron, however, still appears to be a proper party, as, at very least, the Counterclaim involves Tesseron's actions—further, the Counterclaim's prayer for attorney's fees, if successful, might involve a judgment against Tesseron in addition to IPT.

U.S.A., Inc., Canon Inc., and Canon Finance Netherlands, B.V. would not facilitate efficient litigation.

With regards to the Motion to Dismiss, the Océ Defendants argue that, the transfer of IP interests away from Tesseron deprives it of Article III standing, and accordingly, the case must be dismissed. As Plaintiff rightly notes, the Defendants are conflating mootness with standing—while the doctrines are related, they are not the same. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000) ("Standing doctrine ensures, among other things, that the resources of the federal courts are devoted to disputes in which the parties have a concrete stake. Yet by the time mootness is an issue, abandonment of the case may prove more wasteful than frugal").

Mootness has been described as standing set in a time frame—however, this characterization does not fully set forth the doctrine. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). Issues of standing and mootness in the context of patent suits can be particularly complex due to the frequent sales of IP, and the standing requirements to bring a patent infringement suit.

> In the area of patent infringement, this court has held that if the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing . . . . [However, t]his court has also held that the temporary loss of standing during patent litigation can be cured before judgment.

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (allowing plaintiff who sold and then reacquired patent to proceed to judgment because plaintiff's stake in litigation was restored). Accordingly, when a patent is transferred from a plaintiff to another party that does not necessarily destroy the Court's subject matter jurisdiction provided the proper party in interest can be brought into the litigation prior to judgment. *See id.*; *c.f. Log Cabin Republicans v. United States*, 716 F. Supp. 2d 884, 894 (C.D. Cal. 2010) vacated on other grounds, 658 F.3d 1162

(9th Cir. 2011) ("Courts have recognized that a plaintiff who possesses standing when it brings suit, later loses it, and then regains standing before entry of judgment, may still maintain its claims.").

The questions of standing is addressed at the outset of the case—plainly there was standing when the suit was filed. The issue of mootness, however, arose due to the transfer of IP rights away from Tesseron. The joinder of IPT resolves this issue and allows this case to continue to proceed in an efficient manner.

It is therefore,

**ORDERED,** that the Plaintiff's Motion to Join (Doc. 127) is **GRANTED IN PART.** Industrial Print Technologies, LLC, is hereby joined as a Plaintiff and Canon Services America, Inc., is joined as a Defendant; the Defendant's Motion to Dismiss (Doc. 132) is **DENIED**.

It is further,

**SUA SPONTE ORDERED,** that the stay in this case is lifted to the extent that Plaintiffs must file an Amended Complaint by July 6, 2015. Defendants' responsive pleading is due July 20, 2015.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 19, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party